UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| BMW MEDICAL, INC. | DOCKET NO. 4:14-CV-3338 |
| VERSUS | DISTRICT JUDGE HICKS |
| XON HOLDINGS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, come Defendants, **KEVIN JONES AND XON HOLDINGS, LLC d/b/a RECIPION** (collectively, "Defendants"), who answer the Complaint for Damages and Injunctive Relief as follows:

1.

Defendants deny all allegations not specifically admitted herein.

2.

The allegations in paragraph 1 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 1 are denied.

3.

The allegations in paragraph 2 are denied.

4.

The allegations in paragraph 3 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations in paragraph 4 are not directed at Defendants and, as such, no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.

1

6.

The allegations in paragraph 5 are denied. Plaintiff's Petition itemizes an amount of damage less than the $75,000.00 threshold for jurisdiction under 28 U.S.C. §1332.

7.

The allegations in paragraph 6 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 6 are denied.

8.

The allegations in paragraph 7 are denied for lack of information sufficient to justify a belief therein.

9.

The allegations in paragraph 8 are admitted.

10.

The allegations in paragraph 9 are admitted.

11.

The allegations in paragraph 10 are denied for lack of information sufficient to justify a belief therein.

12.

The allegations in paragraph 11 are denied for lack of information sufficient to justify a belief therein.

13.

The allegations in paragraph 12 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 12 are denied.

14.

The allegations in paragraph 13 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 13 are denied.

15.

The allegations in paragraph 14 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 14 are denied.

16.

The allegations in paragraph 15 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 15 are denied.

17.

The allegations in paragraph 16 are denied.

18.

The allegations in paragraph 17 refer to a document which is the best evidence of its terms, contents, and conditions. All remaining allegations in paragraph 17 are denied. Defendants specifically deny that they improperly represented that Alpha Genomix Laboratories, Inc. ("Alpha Genomix") or any other person or entity was involved in a study with Johns Hopkins University School of Medicine ("Johns Hopkins").

19.

The allegations in paragraph 18 are denied for lack of information sufficient to justify a belief therein.

20.

The allegations in paragraph 19 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 19 are denied.

21.

The allegations in paragraph 20 are denied.

22.

The allegations in paragraph 21 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 21 are denied.

23.

The allegations in paragraph 22 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations in paragraph 23 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 23 are denied.

25.

The allegations in paragraph 24 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 24 are denied.

26.

The allegations in paragraph 25 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 25 are denied.

27.

The allegations in paragraph 26 are denied as written. Defendants acknowledge that they have refused to provide any additional amounts to BMW Medical, Inc. ("BMW").

28.

The allegations in paragraph 27 do not require a response from Defendants. To the extent a response is required, the allegations in paragraph 27 are denied.

29.

The allegations in paragraph 28 are denied.

30.

The allegations in paragraph 29 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 29 are denied.

31.

The allegations in paragraph 30 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 30 are denied.

32.

The allegations in paragraph 31 are denied.

33.

The allegations in paragraph 32 are denied.

34.

The allegations in paragraph 33 are denied.

35.

The allegations in paragraph 34 assert a legal conclusion and, as a result, no response is required from Defendants. To the extent a response is required, the allegations in paragraph 34 are denied.

36.

The allegations in paragraph 35 assert a legal conclusion and, as a result, no response is required from Defendants. To the extent a response is required, the allegations in paragraph 35 are denied.

37.

The allegations in paragraph 36 are denied.

38.

The allegations in paragraph 37 do not require a response from Defendants. However, to the extent a response is required, the allegations in paragraph 37 are denied.

39.

The allegations in paragraph 38 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 38 are denied.

40.

The allegations in paragraph 39 refer to a document which is the best evidence of its contents, terms, and conditions. All remaining allegations in paragraph 39 are denied.

41.

The allegations in paragraph 40 are denied.

42.

The allegations in paragraph 41 are denied.

43.

The allegations in paragraph 42 assert legal conclusions and, as such, do not require a response by Defendants. To the extent a response is required, the allegations in paragraph 42 are denied.

44.

The allegations in paragraph 43 do not require a response from Defendants. However, to the extent a response is required, the allegations in paragraph 43 are denied.

45.

The allegations in paragraph 44 are denied.

46.

The allegations in paragraph 45 are denied.

47.

The allegations in paragraph 46 are denied for lack of information sufficient to justify a belief therein.

48.

The allegations in paragraph 47 are denied for lack of information sufficient to justify a belief therein.

49.

The allegations in paragraph 48 are denied.

50.

The allegations in paragraph 49 are denied for lack of information sufficient to justify a belief therein.

51.

The allegations in paragraph 50 are denied for lack of information sufficient to justify a belief therein.

52.

The allegations in paragraph 51 are denied for lack of information sufficient to justify a belief therein.

53.

The allegations in paragraph 52 are denied for lack of information sufficient to justify a belief therein.

54.

The allegations in paragraph 53 are denied for lack of information sufficient to justify a belief therein.

55.

The allegations in paragraph 54 are denied.

56.

The allegations in paragraph 55 do not require a response from Defendants. To the extent a response is required, the allegations in paragraph 55 are denied.

57.

The allegations in paragraph 56 assert a legal conclusion and, as such, no response is required. To the extent a response is required, the allegations in paragraph 56 are denied.

58.

The allegations in paragraph 57 assert a legal conclusion and, as such, no response is required. To the extent a response is required, the allegations in paragraph 57 are denied.

59.

The allegations in paragraph 58 do not require a response from Defendants. To the extent a response is required, the allegations in paragraph 58 are denied.

60.

The allegations in paragraph 59 are denied.

61.

The allegations in paragraph 60 are denied.

## AFFIRMATIVE DEFENSES

NOW COME DEFENDANTS who assert the following affirmative defenses to BMW's complaint.

**Affirmative Defense No. 1**:

The Court lacks subject matter jurisdiction over the claims asserted by BMW, as the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. §1332.

**Affirmative Defense No. 2**:

The Court lacks personal jurisdiction over Defendants.

**Affirmative Defense No. 3**:

The Non-Solicitation Agreement contained in Section 9 of the November 2013 Independent Contractor Agreement ("Independent Contractor Agreement") is null and void and unenforceable under Louisiana law because it fails to meet the requirements of Louisiana law governing same.

**Affirmative Defense No. 4**:

In the event the Non-Solicitation Agreement is found enforceable by this Court, which Defendants deny, Defendants have at all times complied with the terms and conditions in the Non-Solicitation Agreement.

**Affirmative Defense No. 5**:

Defendants have fully complied with all terms and conditions of the Independent Contractor Agreement.

**Affirmative Defense No. 6**:

Defendants have paid all commissions and other amounts due and owing in connection with the Independent Contractor Agreement.

**Affirmative Defense No. 7**:

Defendants have overpaid BMW in connection with the Independent Contractor Agreement and, as a result, Defendants are owed reimbursement from BMW.

**Affirmative Defense No. 8**:

BMW's claims are barred in whole or in part by BMW's own fault and bad acts, including, but not limited to, BMW's breach of the Independent Contractor Agreement by attempting to contract directly with Alpha Genomix to the detriment of Defendants, and other bad acts that will be proven at trial.

**Affirmative Defense No. 9**:

Defendants are entitled to a setoff and/or offset of any amounts owed to BMW due to overpayments of commissions made to BMW on behalf of Defendants.

**Affirmative Defense No. 10**:

Defendants never made any misrepresentation, whether fraudulent or negligent, in connection with the Independent Contractor Agreement or any Johns Hopkins study.

**Affirmative Defense No. 11**:

BMW's claims are barred, in whole or in part, by the fact that BMW has suffered no quantifiable damages in connection with its allegations.

**Affirmative Defense No. 12**:

BMW's claims are barred, in whole or in part, because it failed to rely on any representations by Defendants (which representations are denied) regarding any Johns Hopkins study.

**Affirmative Defense No. 13**:

Information concerning a Johns Hopkins study originated from Christina Cook with Datum Research, LLC and BluePrint Pathways, LLC. Defendants at all times relied upon the representations of Christina Cook.

**Affirmative Defense No. 14**:

BMW's claims under Louisiana's Unfair Trade Practices and Consumer Protection Law are barred, in whole or in part, because BMW is not a consumer as defined by that statute.

**Affirmative Defense No. 15**:

BMW's claims under Louisiana's Unfair Trade Practices and Consumer Protection Law are barred, in whole or in part, because BMW cannot show that Defendants knowingly took any improper action in this state. Moreover, Defendants are subject to the exemption under Louisiana Revised Statutes §51:1406.3.

**Affirmative Defense No. 16**:

BMW has failed to state a claim upon which relief can be granted under Louisiana's Unfair Trade Practices and Consumer Protection Law.

**Affirmative Defense No. 17**:

BMW has failed to state a claim upon which relief can be granted for negligent misrepresentation.

**Affirmative Defense No. 18**:

BMW has failed to state a claim upon which relief can be granted for fraud.

**Affirmative Defense No. 19**:

BMW has failed to state a claim upon which relief can be granted for breach of contract.

**Affirmative Defense No. 20**:

BMW's claims are barred, in whole or in part, by paragraph 6 of the Independent Contractor Agreement which provides in part "NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT OR LAW TO THE CONTRARY, NEITHER PARTY WILL BE LIABLE TO THE OTHER FOR ANY INDIRECT, EXEMPLARY, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING LOSS OF PROFITS DUE TO BUSINESS INTERRUPTIONS OR OTHERWISE, IN CONNECTION WITH THIS AGREEMENT."

**Affirmative Defense No. 21**:

BMW's claims are barred, in whole or in part, by the fault of other third parties for which Defendants are not responsible.

**Affirmative Defense No. 22**:

BMW's claims are barred, in whole or in part, by BMW's failure to mitigate its damages.

WHEREFORE, Defendants, Kevin Jones and XON Holdings, LLC d/b/a/ Recipion, pray that, after due proceedings are had, there be judgment in their favor and against Plaintiff, BMW Medical, Inc., dismissing all of Plaintiff's claims at its cost with prejudice.

## **COUNTERCLAIM**

NOW COME DEFENDANTS, NOW PLAINTIFFS-IN-COUNTERCLAIM, **KEVIN JONES AND XON HOLDINGS, LLC D/B/A RECIPION** (hereinafter "Plaintiff"), who assert the following counterclaim by alleging as follows:

1.

Made Defendant herein is BMW MEDICAL, INC., ("BMW") a domestic corporation organized under the laws of Louisiana with its principal place of business in Louisiana.

2.

This Court has supplemental jurisdiction over this counterclaim by virtue of 28 U.S.C. §1367.

3.

On or about November 2013, Plaintiff executed an Independent Contractor Agreement with BMW for BMW's sale of certain medical tests.

4.

The Independent Contractor Agreement provided that BMW would be paid a commission of $175.00 per test for testing services sold by BMW.

5.

Plaintiff has paid BMW all amounts owed under the Independent Contractor Agreement.

6.

Additionally, Plaintiff has overpaid BMW for the commissions due under the Independent Contractor Agreement. This overpayment is due to charge-backs to Plaintiff from Alpha Genomix Laboratories, Inc. ("Alpha Genomix") and overpayments due to missing documentation, such as ICD9 forms.

7.

Plaintiff paid BMW a total of $179,500.00 in commissions under the Independent Contractor Agreement.

8.

However, BMW was owed only $167,350.00 in commissions due to $34,950.00 in chargebacks.

9.

As a result, Plaintiff overpaid BMW at least $12,200.00 in commissions.

10.

As a result, BMW has no legal right to retain the overpayment amount and, as a result, is in receipt of a thing not due.

11.

Plaintiff is entitled to recover all amounts owed from BMW for the overpayment made in connection with the Independent Contractor Agreement, along with judicial interest from the date of demand.

12.

To the extent necessary, Plaintiff hereby incorporates into this counterclaim all responses and affirmative defenses asserted in response to BMW's complaint.

WHEREFORE, after due proceedings be had, XON Holdings, LLC and Kevin Jones pray that there be a judgment in their favor and against BMW Medical, Inc., awarding them all amounts owed in connection with the Independent Contractor Agreement. Kevin Jones and XON Holdings, LLC further pray for all relief, both legal and equitable, this Court deems proper.

Respectfully submitted,

WIENER, WEISS & MADISON
A Professional Corporation


By: /s/ Charles E. Tabor
     John M. Frazier (#5837)
     Charles E. Tabor (#31984)

333 Texas Street, Suite 2350 (71101)
P. O. Box 21990
Shreveport, LA 71120-1990
Telephone:   (318) 226-9100
Facsimile:   (318) 424-5128
E-mail:   jfrazier@wwmlaw.com
E-mail:   ctabor@wwmlaw.com

ATTORNEYS FOR KEVIN JONES AND XON HOLDINGS, LLC

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the above and foregoing Answer and Affirmative Defenses was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing by operation of the Court's electronic filing system will be sent to all counsel of record.

    Shreveport, Louisiana, this 27th day March, 2015.


     /s/ Charles E .Tabor
    Charles E. Tabor