UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BMW MEDICAL, INC.                          CIVIL ACTION NO. 14-cv-3338

VERSUS                                            MAGISTRATE JUDGE HORNSBY

XON HOLDINGS, LLC, ET AL

## MEMORANDUM RULING

**Introduction; Background Facts**

BMW Medical, Inc. ("BMW") entered into a contract with XON Holdings, LLC ("XON") and its sole member, Kevin Jones. The agreement granted BMW the right to distribute and sell clinical diagnostic testing services, primarily involving genetic DNA testing, in the United States for a term of five years. Mr. Jones requested that BMW sell a specific genetic testing service provided by Alpha Genomix Laboratories, Inc. ("Alpha").

BMW alleges in its complaint, and provides backing evidence, that Mr. Jones/XON represented that the Alpha test was the subject of a clinical study at Johns Hopkins University. BMW also presents evidence that Paul Wesley Warrington, the CEO of Alpha, made the same representation. BMW alleges that it relied on those representations to sell the Alpha product to physicians, and the existence of the Johns Hopkins study was an important factor in the decision of many physicians to order the Alpha test. Some physicians expressed doubts about the study's existence. BMW contacted Johns Hopkins and learned that the study did not exist.

BMW asserts in Count 1 a claim of breach of contract against XON for $72,275 in unpaid commissions.  It asserts a related claim against Kevin Jones, as it appears XON may have been dissolved at the time Jones signed the contract on its behalf.  BMW asserts in Count 2 a second breach of contract claim against XON for violation of the terms of a non-solicitation agreement that provided the parties would not, for a certain term, seek to retain sale representatives or other principals of the other.  BMW alleges that XON and Kevin Jones have breached this provision by soliciting BMW's sales representatives and other contractors.

Counts 3 and 4 of BMW's complaint are for fraud and negligent misrepresentation. The counts are aimed at both XON/Jones as well as Alpha and its CEO, Paul Wesley Warrington.  BMW points to communications from Warrington in which he represented things such as, "Kevin and I are working on the study as we speak," and "we are now doing a legitimate study, IRB approved and run through John Hopkins."  Other communications may not have included such direct misrepresentations, but they implied that a study was ongoing and did not make any effort to correct BMW's stated belief that there was a Johns Hopkins study.

**Alpha and Warrington's Motion for Summary Judgment**

Before the court is a Motion for Summary Judgment (Doc. 79) filed by Alpha and Mr. Warrington.  They argue that BMW has failed to present sufficient evidence to establish its claims for fraud and negligent misrepresentation. They attack BMW's ability to prove each of the elements of the claims under Louisiana law or that BMW suffered any damages.  The motion is denied because it is untimely and BMW has submitted sufficient

evidence to create genuine disputes of material fact that warrant denying summary judgment.

The amended scheduling order (Doc. 78) provided that dispositive motions (not relying on experts) were due by May 30, 2018. A later deadline of October 31, 2018 was set for dispositive motions (relying on experts). This motion was not filed until October 31, 2018, and it does not rely on any expert testimony. It is a rather ordinary motion for summary judgment that merely challenges the plaintiff's ability to present evidence in support of its claims. The movants' contention that the court allowed them to file a motion for summary judgment of any kind by the October 31 deadline (that coincided with the deadline for *Daubert* motions) is mistaken. Motions such as the one before the court were due by May 30, 2018, which warrants denying the motion as untimely.

The motion is denied, in the alternative, because there are genuine disputes of material facts that preclude summary judgment. BMW points to emails and other communications in which Mr. Warrington, on behalf of Alpha, misrepresented that Alpha was participating in a Johns Hopkins study, and those misrepresentations were apparently made to persuade BMW to continue selling the Alpha product to physicians and other customers. BMW asserts that it was damaged because it provided service that directly benefitted Alpha, for which BMW never received payment.

Movants cite no authority for their contention that a lack of contractual privity between BMW and Alpha necessarily defeats BMW's fraud and negligent misrepresentation claims. Louisiana allows recovery in tort for economic loss caused by negligent misrepresentation even where privity of contract is absent. BMW also alleges

that its relationships with physicians, customers, and other professional contacts were impaired because of the scandal. BMW has not produced specific evidence of such impairments, but such damages can be reasonably inferred from the summary judgment evidence and uncontested facts that are in the record. The movants make some additional arguments in their reply memorandum, but arguments raised for the first time in a reply should be disregarded because the opponent has not been afforded a fair opportunity to respond to them. For these reasons, the **Motion for Summary Judgment by Warrington and Alpha Genomix (Doc. 79)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 9th day of January, 2019.

Mark L. Hornsby
U.S. Magistrate Judge